### R. F. DOWNING & CO. v. UNITED STATES.

#### (Circuit Court, S. D. New York. May 24, 1905.)

#### No. 3,895.

CUSTOMS DUTIES—CLASSIFICATION—PAPER FANS—NOVELTIES.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 427, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1679], for "fans of all kinds," does not include so-called fans consisting of unsubstantial paper novelties in the shape of fans, which range from four feet in diameter down to very small sizes, and which are not commercially known nor dealt in as fans, nor adapted to practical use as such, but are intended solely for decorative purposes.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review affirmed the assessment of duty by the Collector of Customs at the port of New York on merchandise imported by R. F. Downing & Co., which was classified under the provision for "fans of all kinds" in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 427, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1679]. Note In re Kaufmann, G. A. 5,860 (T. D. 25,820).

Everit Brown, for importers.
Henry A. Wise, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question comprises, inter alia, articles which simulate fans, were invoiced as fans, are known as fans, and were classified for duty as fans, under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 427, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1679]. Nevertheless, the conclusion reached at the close of the argument is that these articles are not dutiable as fans, but as manufactures of which paper is the component material of chief value, not specially provided for, under paragraph 407 of said act. 30 Stat. 189, Schedule M [U. S. Comp. St. 1901, p. 1673]. The reasons for this conclusion are the following: These articles are imported as novelties from Germany, with other like articles, solely for use for·decorative purposes. The names or designations applied to the various articles in the invoice are merely indicative of the things which they represent. Thus another exhibit called a bell is not a bell. The so-called parasol is not a parasol. The so-called hat, although fitted with an elastic, and capable of being put upon the head, is not a

hat in the tariff signification. In the same sense this article is not a fan, because, while it is capable of being temporarily used for fanning purposes in the same way as a hat or other similar object might be used, it is not adapted to such purpose, because it is not ribbed and is merely a flimsy mass of fluffy paper, and is therefore unfit for practical use for any length of time. Dealers in fans do not deal in this article as a fan, and vice versa; and persons who deal both in this article and in fans sell these articles in the novelty or holiday department, and not in the fan department. It appears that they are imported in all sizes, from four feet in diameter down to the small ones, such as are used for German favors or toys. They are unlike the folding fans of commerce, they are not commercially known as fans, and they are not fans within the reasoning of prior decisions of the Board of Appraisers. This class of articles was not imported into this country until after the passage of the act of 1897.

"It is plain that neither the importer nor the collector can sweep into a paragraph of a tariff act a novel article of merchandise which was not the article therein described, because a particular trade-name, which corresponded with the name of the old article, was attached to the new article after the passage of the act." U. S. v. Sehlbach, 90 Fed. 798, 33 C. C. A. 227.

In United States v. China & Japan Trading Company, 71 Fed. 864, 18 C. C. A. 335, the court said, referring to the articles in question:

"No one pretends that they are the umbrella of trade and commerce, and dealers in those articles do not keep them. They are called 'umbrellas' for convenience, but they are not used or designed for use as such. They might as appropriately be called 'rainbows.'"

The decision of the Board of General Appraisers is reversed.